# ROSEN LIVINGSTON & CHOLST LLP
ATTORNEYS AT LAW

275 MADISON AVENUE, SUITE 500 • NEW YORK, NEW YORK 10016-1111

(212) 687-7770

TELECOPIER (212) 687-8030

EMAIL ADDRESS info@rosenlivingston.com

Writer's Email Address   pil@rosenlivingston.com

MORTON H. ROSEN
PETER I. LIVINGSTON
BRUCE A. CHOLST
MARY L. KOSMARK

ANDREW B. FREEDLAND
DEBORAH B. KOPLOVITZ
ANDREW J. WAGNER
ELLIOT J. COZ

S. DAVID HARRISON
Of Counsel

ALAN M. GOLDBERG
Special Counsel

INNA GRINBERG
TARA TESTAVERDE
Paralegals

July 11, 2013

**VIA E-MAIL**
The Honorable Katherine B. Forrest
United States District Court,
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 730
New York, NY 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/12/13
```

Re:   In re 650 Fifth Avenue and Related Properties 08 Civ. 10934 (KBF), et. al.,
related cases 09 Civ. 165, 09 Civ.166
Our File: 6239-1

Dear Judge Forrest:

We represent Claimants Assa Corp. and Assa Limited (sometimes referred to as the "Assa Claimants") and are writing in opposition to the Government's June 27, 2013 letter in which with the Government seeks to prevent the Assa Claimants from invoking their rights to the protections afforded them pursuant to the attorney-client privilege, the attorney work-product privilege and other relevant privileges, on the basis of the "crime-fraud" exception.

### The Crime-Fraud Exception Does Not Apply to Assa Corp. or Assa Limited

The Government's argument for the crime-fraud exception as it pertains to the Assa Claimants is pure speculation and not based on probable cause.[1]

---

[1] The Government has attached to its letter motion three exhibits – A, B and C which they attribute to the Assa Claimants. However, only Exhibit "A" is the privilege log that the Assa Claimants produced. Exhibits B and C refer to documents that the Government presumably secured from non-parties to the litigation. A disc containing these documents was then sent to Claimant's counsel to review for privileged material. In an abundance of caution they were included on Exhibits "B" and "C" privilege logs. Exhibits B and C appear to contain certain communications between Mr. M.H.D. Tafti, Assa Corp.'s President, in his individual capacity and his immigration attorney, Thomas Biow, Esq. These are not Assa documents. Mr. Tafti is not a party to these proceedings and he has not been charged with any wrongdoing.

*ROSEN LIVINGSTON & CHOLST LLP*

July 11, 2013
Page 2

     A careful reading of the Government's letter indicates that the Government has not referred to any documents or statements directly attributable to the Assa Claimants which could support a finding from this Court that the crime-fraud exception should be invoked. The Assa Claimants are not bound by documents allegedly attributable to unrelated third parties. Instead of facts, the Government is relying upon a claim of "guilt by association" to get this Court to waive the sacred doctrine of privilege. The Government has not pointed to any document produced by Assa Corp. or Assa Limited, or secured from any other source associated with the Assa Claimants, such as their domestic and foreign banks, accountants or representatives in the Isle of Jersey (which sources maintained many of the Assa Claimants' records) to support their assertion of wrongdoing against the Assa Claimants.

     Assuming <u>without</u> conceding that in 1989 -- when indeed it was perfectly appropriate for Bank Melli to do business in the United States -- Bank Melli at <u>that</u> time established Assa Corp. as a subsidiary, there would have been absolutely nothing illegal about that alleged arrangement. This method of doing business is not uncommon. For example, real estate developers regularly establish a series of single-purpose entities to engage in a block assembly to reduce the amount that a developer would pay to various building owners to acquire their land. The Government has not pointed to any law that was violated <u>if</u> in fact, in 1989, Bank Melli acquired an ownership interest in either of the Assa Claimants.

     The Government further asserts that the hidden identity of Assa's true owner could lead to tax avoidance (page 3, third paragraph). However, tax avoidance, as opposed to tax evasion, is not a crime. Moreover, there is no claim that Assa has not paid its fair share of its taxes.

     Concealment is not a crime or a fraud unless there was a duty to disclose. The Government cites to no instance where the Assa Claimants were required to disclose their alleged parent or beneficial owner in 1989 and failed to truthfully do so.

     It was not until December 2008, nineteen years later, that the Director of the Office of Foreign Assets Control, made a designation under IEEPA as to the Assa Claimants. In the intervening nineteen years the ownership of Assa Limited changed hands on numerous occasions as set forth in the Government's pleadings. The current owners of Assa Limited are two individuals, Mr. Davood Shakeri and Ms. Fatemeh Aghamiri. Neither one is even mentioned in the Government's motion. These individuals have previously submitted documentation demonstrating that they acquired their ownership interests in Assa Limited in 1995 and have owned and controlled all of the shares of Assa Limited since 1998. See attached annual return filed under the Companies (Jersey) Law.

     The Government also attempts on page 3 of its letter to make something of the fact that in 1989, when Assa Corp. was first created, the Directors of the parent company, Assa Limited, were Messrs. Behdadfar and Kakavand who allegedly had an employment relationship with Bank Melli. An alleged employment relationship alone does not establish that Bank Melli controlled a corporation.

*ROSEN LIVINGSTON & CHOLST LLP*

July 11, 2013
Page 3

The Government also argues that Bank Melli's alleged concealment of its alleged control of the Assa Claimants was designed to somehow protect The Alavi Foundation from civil litigation. However, the Government has failed to demonstrate any connection between the Assa Claimants and the Foundation which would have been protected. Moreover, it cannot point to any litigation that Assa was involved in during the 1980s, 1990s or thereafter whereby the ownership of Assa would have been relevant to protect the interest of the Foundation.

Based upon the foregoing, the Government's application to waive all of the Assa Claimants' privileges on the ground of the crime-fraud exception is not based upon probable cause. It is based on false premises as it pertains to the Assa Claimants.

The Government's position is that by asserting a claim of criminal conduct in a civil complaint any communication between the Assa Claimants and their counsel is not privileged based on the crime-fraud exception. As to the Assa Claimants, the Government has not identified a single communication that supposedly furthered a crime or fraud. The Government has failed to use extrinsic evidence to prove that each challenged communication attached as Exhibit "A" to their letter motion was in furtherance of a crime or fraud. It is the Government's burden to identify specific communications, if any, from the Assa Claimants' privilege log (Exhibit "A") that it believes falls within the exception, and to provide the application of the exception as to each communication. See *United States v. Jacobs*, 117 F.3d 82, 87 (2d Cir. 1997). The crime-fraud exception does not apply simply because privileged communications would provide an adversary with evidence of a crime or fraud. If it did, the privilege would be virtually worthless because a client could not freely give, or an attorney request, evidence that might also support a finding of culpability. The exception applies only when the Court determinates that the client communication or attorney work product in question was itself in furtherance of the crime or fraud. *United States v. Roe*, 68 F.3d 38, 40 (2d Cir. 1995). The Government has failed to identify any document that should be subject to the exception and instead asserts that *all* of the Assa Claimants' communications with its attorneys fall within the exception.

The Government's attorneys have failed to identify, with any particularity, any document they believe is subject to the crime-fraud exception. With respect to Assa's privilege log, the Government did not reference the location, the date of any document, the basic subject matter, the authors or recipient. It should not be incumbent on the Court or defense counsel to try and guess as to which document the Government is referring to. The Government's application is not based upon any ascertainable facts and should be denied.

*ROSEN LIVINGSTON & CHOLST LLP*

July 11, 2013
Page 4

      For the foregoing reasons, the Government's application should be denied in all respects.

                              Respectfully submitted,

                              ROSEN LIVINGSTON & CHOLST, LLP

                              By:  /s/ Peter Livingston
                              Peter I. Livingston, Esq.
                              Deborah B. Koplovitz, Esq.
                              275 Madison Avenue, Suite 500
                              New York, New York 10016
                              Tel.:   (212) 687-7770
                              JAFFE & ASHER, ESQ.
                              Donald F. Luke, Esq.
                              Bension DeFunis, Esq.
                              600 Third Avenue
                              New York, New York 10016
                              Tel.:   (646) 313-2542

cc:      Counsel of Record (*Via E-mail*)

# Exhibit A

COMPANIES (JERSEY) LAW, 1991

ANNUAL RETURN

OF

Assa Limited

Made up to 1st January 1999

Nominal Capital £10000   Divided into   10000   shares of   £1
Number of Shares Issued as at 1st January 1999:   100
Amount paid on each Share (par value):   £1
Total amount received, Including Share Premium:   £100

FULL LIST OF SHAREHOLDERS AS FOLLOWS:-

| NAME | ADDRESS | SHARES |
|---|---|---|
| Fatemeh Aghamiri | P.O. Box 7520 Dubai, U.A. Emirates | 50 |
| Dawood Shakeri | P.O. Box 7520 Dubai, U.A. Emirates | 50 |

As a Directors/Secretary of The Company I declare that this document is complete and accurate in all respects.

SIGNED ................................... X..Director/Secretary

Presented by:   COMPANY NO:   44538

ST. George Financial Services Limited
6 Britannia Place, Bath Street
St. Helier, JERSEY JE2 4SU