# STROOCK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: SEP 2 4 2013
```

By CM/ECF

September 23, 2013

James L. Bernard
Direct Dial: 212-806-5684
Fax: 212-806-6006
jbernard@stroock.com

The Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 730
New York, NY 10007-1581

Re:   In re: 650 Fifth Avenue and Related Properties
      <u>08 CIV. 10934 (KBF) and All Member and Related Cases</u>

Dear Judge Forrest:

We represent the Greenbaum, Acosta, Beer and Kirschenbaum judgment creditors and write to respond, on behalf of our clients and other judgment creditors (the "Judgment Creditors") to the Court's Order at the conference held on September 20, 2013.

The Judgment Creditors will not agree to drop, with prejudice, their claims that Defendants should be deemed to be Iran under an alter ego or similar legal theory, and we are therefore preparing for trial. But in light of our recent conversations with the Government and their letter of today's date, there are significant witness issues which impact our preparation for trial. We therefore respectfully request additional time to work through these issues, or that the Court reconsider its order on Friday that this matter proceed to a bench trial on the alter ego issue unless the Judgment Creditors are prepared to waive their alter ego claim with prejudice.

Simply put, there are real and multiple concerns at play in calling witnesses in our trial before a Government trial (which might be necessary after appeal). The Government met with these witnesses and worked with them to prepare for trial. These witnesses do

Hon. Katherine B. Forrest
September 23, 2013
Page 2

not know and have not met counsel for the Judgment Creditors, and will not be able to do so unless and until the issues identified by the Government can be resolved. Although we have been coordinating with the Government, the Court's decision granting the Government's summary judgment motion changed significantly the nature of working with these witnesses. In addition, it remains unclear if some of the non-Government witnesses, who up until now have been interacting with the Government, will be prepared to meet with the Judgment Creditors. Both the Judgment Creditors and the Government are in the process of reaching out to these individuals or their attorneys, but we do not yet know who among them will agree to testify at trial.

At the same time, however, the Judgment Creditors and defendants agree that summary judgment can be entered based upon the Court's decision with respect to the Government's summary judgment motion, with defendants reserving the various legal and factual issues that have already been litigated and lost. There are no new factual findings which need to be made, and defendants, while not conceding the ultimate findings, agree that principles of collateral estoppel apply. In short, as counsel for defendants indicated at the hearing on Friday, if one "connects the dots," as we have done in our moving papers, this Court already determined that the Judgment Creditors are entitled to judgment on the various claims outlined in our memo of law and the witness issues addressed by the Government in their letter of today can be avoided.

If the Court were to enter summary judgment for the Judgment Creditors, any appeals of that decision and the decision granting the Government summary judgment can be taken together based on the existing record and a subsequent trial, if necessary, can proceed in tandem after appeal. We respectfully submit that where a party moves for summary judgment and advances, for example, two theories under which it might prevail, if the Court grants summary judgment as to one, this typically ends the litigation and an appeal may be taken from that decision, as opposed to having a trial on the alternative theory. Given the witness issues identified today, we respectfully submit that this is the preferred course here.

In the event that the Court does not reconsider its ruling, in light of the multitude of issues identified in working with the Government to secure access to witnesses, we respectfully request additional time to prepare the direct examination declarations for these witnesses. Unfortunately, at present, we do not know how long it will take to

NY 74762350v3

STROOCK & STROOCK & LAVAN LLP · NEW YORK · LOS ANGELES · MIAMI · WASHINGTON, DC
180 MAIDEN LANE, NEW YORK, NY 10038-4982 TEL 212.806.5400 FAX 212.806.6006 WWW.STROOCK.COM

Hon. Katherine B. Forrest
September 23, 2013
Page 3

resolve these issues, but we can provide the Court with an update on the status of this matter in one week, or by September 30.

Respectfully submitted,

*[signature]*

James L. Bernard

cc:  Counsel of Record

---

**Ordered**

The trial in this matter is adjourned. The Court intends to rule on the summary judgment motions and proceed, as appropriate, after that.

9/24/13    K. B. Forrest
           US DJ

NY 74762350v3

STROOCK & STROOCK & LAVAN LLP · NEW YORK · LOS ANGELES · MIAMI · WASHINGTON, DC
180 MAIDEN LANE, NEW YORK, NY 10038-4982 TEL 212.806.5400 FAX 212.806.6006 WWW.STROOCK.COM