# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

October 28, 2013

By Email

Hon. Katherine B. Forrest
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Daniel S. Ruzumna
Partner
(212) 336-2034
Direct Fax (212) 336-1205
druzumna@pbwt.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 2 8 2013

Re:   *In re 650 Fifth Avenue Company*, No. 08-cv-10934

Dear Judge Forrest:

  On behalf of the Alavi Foundation (the "Foundation") and 650 Fifth Avenue Company (the "Fifth Avenue Company"), we write to request the entry of a consolidated briefing schedule for the responses to any claimants' motions for summary judgment with respect to an innocent owner defense in the Government's forfeiture action. Counsel for the Greenbaum, Acosta, Beer, and Kirschenbaum plaintiffs join in this request.

  On October 17, 2013, the Court entered an order allowing claimants until November 22, 2013 to file summary judgment motions concerning any innocent owner defense that they may have with respect to the Government's forfeiture action. Since that time, two sets of claimants have filed summary judgment motions: the Hegna claimants filed a motion on October 21, 2013, and the Islamic Education Center of Maryland filed a motion on October 22, 2013.

  To avoid duplicative and piecemeal responses to the summary judgment motions that have been filed and that may be filed at any time up to November 22, 2013, we request that the Court enter a single briefing schedule for the response dates and reply dates to all motions for summary judgment on the innocent owner issue. We respectfully request that the parties be given until December 11 to respond to any summary judgment motions based on the innocent owner defense, with replies to any responses due December 18.

  This request will not result in a delayed final outcome for any party seeking summary judgment on this issue because the Court will necessarily need to resolve *all* of these motions before determining how any forfeitable assets can be divided between parties that obtain innocent owner status. Moreover, whether and if any innocent owner is entitled to any forfeited

Hon. Katherine B. Forrest
October 28, 2013
Page 2

property will turn on whether the private plaintiffs' turnover actions (if successful) take priority over the Government's forfeiture action with respect to any forfeied assets that are also subject to turnover.

                          Respectfully submitted,

                          /s/ *Daniel S. Ruzumna*
                          Daniel S. Ruzumna

cc:    Counsel of record (by e-mail)

---

*Handwritten:*

Ordered
Application granted.

10/28/13    K— B. For—
                USDJ