USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: APR 2 9 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                        :

IN RE: 650 FIFTH AVENUE AND    :     08 Civ. 10934 (KBF)
RELATED PROPERTIES                    :     and all member and
                                        :     related cases

                                        :     ORDER
                                        :
------------------------------------------------------------- X

KATHERINE B. FORREST, District Judge:

      Before the Court is Abkir Associates, LLC's petition to intervene in this action. ("Abkir Pet.", ECF No. 1103.) Abkir holds a $12 million judgment against the Islamic Republic of Iran and the Iranian Ministry of Information that was assigned to it by Shahintaj Bakhtiar, whose husband Chapour Bakhtiar was murdered by an Iranian agent in August 1991. (Id. ¶¶ 7, 13, 19, 22, 23.) Abkir petitions this Court to intervene in order to share any assets that this Court has ordered or will order defendants to turn over to the judgment creditor plaintiffs in this action.

      "Whether intervention be claimed of right or as permissive, it is at once apparent, from the initial words of both Rule 24(a) and Rule 24(b), that the application must be 'timely.' If it is untimely, intervention must be denied." NAACP v. New York, 413 U.S. 345, 365 (1973) (quoting Fed. R. Civ. P. 24(a), (b)). "Among the factors to be taken into account to determine whether a motion to intervene is timely are: (a) the length of time the applicant knew or should have known of his interest before making the motion; (b) prejudice to existing parties

resulting from the applicant's delay; (c) prejudice to applicant if the motion is denied; and (d) presence of unusual circumstances militating for or against a finding of timeliness." United States v. New York, 820 F.2d 554, 557 (2d Cir. 1987).

Abkir's petition is untimely.

Abkir and its predecessor in interest, Shahintaj Bakhtiar, have known or should have known for several years that defendants' assets were potentially subject to turnover claims pursuant to the Foreign Sovereign Immunities Act and the Terrorism Risk Insurance Act. Abkir's petition is premised on a judgment awarded in July 2008 and assigned to Abkir in August 2010. (Abkir Pet. ¶¶ 22, 23; Exs. 1, 2.) Yet Abkir filed the instant petition on March 31, 2014, more than five years after the Government initially filed its civil forfeiture action on December 16, 2008—and three days after the Court granted summary judgment to the judgment creditor plaintiffs on March 28, 2014. (ECF Nos. 1, 1102, 1103.) Consideration of "how long the applicant had notice of the interest before it made the motion to intervene" demonstrates that Abkir's petition is untimely. United States v. Pitney Bowes, Inc., 25 F.3d 66, 70 (2d Cir. 1994).

Additionally, Abkir's intervention would prejudice the current plaintiffs. Intervention would complicate the current settlement agreement between the judgment creditor plaintiffs and the Government, under which the settling creditors have agreed to divide any assets recovered in this litigation on a pro rata basis. See id. at 72 ("[J]eopardizing a settlement agreement causes prejudice to the existing parties to a lawsuit."). Abkir's intervention would also undermine plaintiffs'

2

substantial effort over several years, including significant discovery, preparation for trial (in fact, litigating this case to days before trial), and ultimately winning summary judgment in their favor. See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Sun, No. 93 Civ. 7170 (LAP), 1994 WL 463009, at *6 (S.D.N.Y. Aug. 25, 1994) (denying intervention because it would "take advantage unfairly of money and effort expended by others").[1] Plaintiffs and the Government have also "devoted substantial time and money to design" the settlement that Abkir's intervention would call into question. Pitney Bowes, 25 F.3d at 72.

On the other hand, there has been no showing that denial of intervention is likely to cause Abkir significant prejudice; Abkir has made no showing that there are no other assets that it could collect to satisfy its judgment. See Republic of Philippines v. Christie's, No. 98 Civ. 3871 (RPP), 2000 WL 1056300, at *4 (S.D.N.Y. Aug. 1, 2000).

Abkir's petition suffers from other defects as well. For example, Abkir has not addressed or even identified the elements of Rule 24, and has therefore failed to meet "the putative intervenor's burden to show a right to intervene." In re NASDAQ Market-Makers Antitrust Litig., 187 F.R.D. 465, 490 (S.D.N.Y. 1998). Additionally, because Abkir has failed to show that it can assert priority over all of the existing parties, who have obtained summary judgment decisions in their favor

---

[1] Abkir's intervention in this action is also likely to cause significant delay. Defendants have represented that if Abkir were to intervene, defendants would move to dismiss that complaint. Briefing and decision on that motion would then need to be completed before the case could proceed. (See Alavi & 650 Fifth Ave. Co.'s Mem. of L. in Opp. 4, ECF No. 1118.) The "interest in avoiding continuing litigation" weighs against a finding of timeliness here. Farmland Diaries v. Comm'r of N.Y. State Dep't of Agric. & Mkts., 847 F.2d 1038, 1044 (2d Cir. 1988).

3

that do not include Abkir, Abkir fails to articulate a "direct, substantial, and legally protectable" interest in defendants' assets, as required by Fed. R. Civ. P. 24(a). <u>Washington Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.</u>, 922 F.2d 92, 97 (2d Cir. 1990). Finally, for the reasons explained earlier, Abkir's "intervention will unduly delay or prejudice the adjudication of the rights of the original parties," which is the "principal consideration" in determining whether permissive intervention under Rule 24(b) is appropriate. <u>Citizens Against Casino Gambling in Erie Cnty. v. Hogen</u>, 417 F. App'x 49, 50 (2d Cir. 2011).

For these reasons, Abkir's petition to intervene is DENIED. The Clerk of Court shall terminate the motion at ECF No. 1103.

SO ORDERED.

Dated:   New York, New York
         April 29, 2014

                                    _____
                                    KATHERINE B. FORREST
                                    United States District Judge