UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
                                                          :
IN RE 650 FIFTH AVENUE AND RELATED          :      Case No. 08 Civ. 10934 (KBF)
PROPERTIES                                               :      And All Member and Related Cases
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PETERSON PLAINTIFFS' MEMORANDUM OF LAW
IN OPPOSITION TO HEGNA PLAINTIFFS' CROSS-MOTION MOTION FOR
PARTIAL SUMMARY JUDGMENT REGARDING PRIORITY**

SALON MARROW DYCKMAN NEWMAN & BROUDY LLP
Liviu Vogel
292 Madison Avenue
New York, New York 0017
Telephone No.: 212-661-7100
*Attorneys for Peterson Plaintiffs-Claimants*

The private plaintiffs-claimants known to these consolidated proceedings as the Peterson Plaintiffs-Claimants (the "Peterson Plaintiffs") respectfully submit this memorandum of law in opposition to private plaintiffs-claimants Edwena Hegna, *et al*.'s (the "Hegnas") purported cross-motion for summary judgment regarding priority of claims among judgment creditors against the assets at issue in this case.

## PRELIMINARY STATEMENT

For the reasons stated in the Peterson Plaintiffs' letter to the Court dated October 23, 2014 (ECF No. 1236), the Hegna Plaintiffs have failed to timely or properly move for the relief requested in their memoranda of law dated September 25, 2014 (ECF No. 1231, as corrected on October 31, 2014 (ECF No. 1242)) and October 21, 2014 (ECF No. 1234) and the Court should therefore deny the motion as untimely.  If the Court will nevertheless entertain the Hegnas' cross-motion, the Peterson Plaintiffs submit this memorandum of law to oppose the Hegna Plaintiffs' claim of priority to the assets at issue by virtue of having delivering a Writ of Execution to the U.S. Marshal for the Southern District of New York.[1]

## STATEMENT OF FACTS

Peterson Plaintiffs hold an unsatisfied final judgment pursuant to 28 U.S.C. §1605(a)(7) in the total amount of $2,656,944,877.00 against Islamic Republic of Iran and Iranian Ministry of

---

[1] The Peterson Plaintiffs make no claim as to priority of the claims of the remaining judgment creditors.  The Peterson Plaintiffs and all judgment creditors, other than the Hegnas, entered into a settlement agreement with the government of the United States, pursuant to which all disputes concerning priority among the settling judgment creditors and between the settling judgment creditors and the United States were resolved (ECF No. 481).

241087.1                                           1

Information and Security ("Judgment Debtors"), that was entered by the U.S. District Court for the District of Columbia on September 7, 2007, and thereafter registered in this Court pursuant to 28 U.S.C. Section 1963 under Docket No. Misc. 18-302 on March 24, 2008 (referred to herein as the "Judgment"). The Clerk of the United States District Court, Southern District of New York issued a Writ of Execution, dated June 12, 2008, to enforce the Judgment against assets of the Judgment Debtors in this district.  The June 12, 2008 Writ of Execution was delivered to the United States Marshal in the Southern District of New York on June 12, 2008.  The Clerk of the United States District Court, Southern District of New York issued a Writ of Execution, dated October 17, 2008, to enforce the Judgment against assets of the Judgment Debtors in this district. The October 17, 2008 Writ of Execution was delivered to the United States Marshal in the Southern District of New York on October 17, 2008.  On March 1, 2010, the Peterson Plaintiffs filed their complaint in the related action entitled *Peterson v. 650 Fifth Avenue Company;* S.D.N.Y. 10 CIV 1627, seeking turnover of the assets at issue herein.  The Hegnas claim priority as to assets of the Judgment Debtors by virtue of having established a lien by delivering a writ of execution to the United States Marshal in the Southern District of New York on December 30, 2008.

## ARGUMENT

The Peterson Plaintiffs delivered their writs of execution to the United States Marshal in the Southern District of New York on June 12, 2008 and October 17, 2008, several months before the Hegnas delivered their writ of execution to the same U.S. Marshal on December 30, 2008.  By delivering the writs of execution to the U.S. Marshal, the Peterson Plaintiffs obtained a

priority lien on all personal property of the Judgment Debtors in New York County subject to execution and attachment in satisfaction of their Judgment. *See* David D. Siegel, Practice Commentaries, C.P.L.R. § 5230: 1 ("[W]ith the simple act of delivering an execution to the sheriff, the creditor secures a lien on the debtor's personal property in the county even though neither the creditor nor the sheriff know of any.").  Pursuant to C.P.L.R. 5234(b), "[w]here two or more executions or orders of attachment are issued against the same judgment debtor or obligor and delivered to the same enforcement officer . . . they shall be satisfied out of the proceeds of personal property or debt levied upon by the officer . . . in the order in which they were delivered . . . ."  Thus, as to any personal property of the Judgment Debtors at issue in this action, the Peterson Plaintiffs have a lien that is superior to any lien that the Hegnas may have acquired by delivering their execution to the U.S. Marshal on December 28, 2008.

## CONCLUSION

For all of the foregoing reasons, the Hegnas' alleged cross-motion for summary judgment establishing a priority lien against the assets at issue in this case should be denied.

Dated: New York, New York

November 4, 2014

SALON MARROW DYCKMAN NEWMAN
& BROUDY LLP

By: _____
Liviu Vogel
292 Madison Avenue
New York, New York  10017
Tel: (212) 661-7100

*Attorneys for the Peterson Plaintiffs-Claimants*

241087.1                                         3